IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT LIONEL SANFORD,** | Case No. 08cv1049 H (PCL) |
| Plaintiff, | **REPORT &** |
| | **RECOMMENDATION ON** |
| **v.** | **DEFENDANTS' MOTIONS TO** |
| | **DISMISS AND PLAINTIFF'S** |
| **DOE, DIRECTOR OF DEPARTMENT OF** | **MOTION TO AMEND NAME** |
| **CORRECTIONS, L. E. SCRIBNER, Warden, et al.** | **ON COMPLAINT** |
| Defendant. | |

**I.**

**INTRODUCTION**

Plaintiff Robert Lionel Sanford ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants violated his civil rights by refusing him proper medical care while he was an inmate at Calipatria State Prison and by interfering with his inmate grievance process at Ironwood State Prison. (Doc. No. 1.) The case is before the undersigned pursuant to S.D. Cal. Civ. R. 72.1(c)(1)(c) for Report and Recommendation on Defendants' Motions to Dismiss (Doc. Nos. 14 and 23) and Plaintiff's Motion to Amend Name on Complaint (Doc. No. 17). Based upon the documents presented in this case, and for the reasons set forth below, the Court recommends the Motion to Dismiss all named Defendants be DENIED in part and GRANTED in part and the Motion to Dismiss Defendant Doe be GRANTED. The Court also recommends Plaintiff's Motion to Amend Name on Complaint be DENIED.

## II.

## BACKGROUND

On June 18, 2007, while incarcerated at Calipatria State Prison, Plaintiff underwent a tonsillectomy and elective surgery to remove nasal polyps at Alvarado Hospital in San Diego, California. (Doc. No. 1 Compl. at 43.)[1/] During recovery from surgery, at approximately 6:00 p.m. on June 26, 2007, Plaintiff alleges he began "hemorahaging [sic] from surgery that ruptured." (Id. at 28, 38.) Plaintiff contends he notified prison staff of the situation and "it took over 45 minutes before medical staff responded." (Id.) Plaintiff was taken to the hospital ward at the prison where Licensed Vocational Nurse ("LVN") Sowtell was on duty and attempted to keep Plaintiff's bleeding under control. (Id. at 14, 29.) Plaintiff states he bled through the night and although "it was clear to LVN Sowtell that Plaintiff was severely suffering and LVN Sowtell could not offer or help provide necessary treatment to stop the hemorrhage[,] LVN did have authority for the welfare and safety of inmates in her care to call transportation to have Plaintiff sent to outside hospital, but she refused to make the judgment for unknown reasons." (Id. at 14.) Plaintiff also alleges Nurse Practitioner ("NP") Thomas "told Nurse Sowtell over the phone to hold [Plaintiff] at prison for unknown reason." (Id. at 15.) NP Thomas arrived the morning of June 27, 2007 to begin her shift at the prison medical ward and ordered Plaintiff sent to Pioneer's Memorial Hospital in Brawley, California where Plaintiff was admitted to the emergency room to have the surgery repaired. (Id. at 14-15.)

Unrelated to the medical incident, Plaintiff was transferred to Ironwood State Prison on July 11, 2007. (Id. at 30.) On or about February of 2008, Plaintiff began filing a series of CDC 602 Inmate Appeal Forms. (Id. at 23.) The grievances centered around the medical incident at Calipatria State Prison. (Id.) The fact that the incident occurred at Calipatria Prison, coupled with the time lapse between the incident and the filing of grievance forms prompted the

---

1.   The Complaint's original pagination is erratic and incomplete. (See Doc. No. 1.) For clarity, the Court's citations refer to the page numbers assigned by the docketing clerk.

1  Ironwood Prison Appeals Coordinators D. Holbrook and L. Bonnett to "screen out"[2] his appeals.

2  (Id. at 25-26.)

3        Plaintiff filed the instant Complaint on June 11, 2008 alleging deliberate indifference to

4  his medical needs by Calipatria Prison medical staff and due process violations stemming from

5  the actions of the Appeals Coordinators at Ironwood Prison.  (Id. at 4-5.)  Plaintiff names the

6  following parties as Defendants to each of his claims.  Defendants Sowtell, Thomas, Levin and

7  Scribner are allegedly liable for the first claim while Defendants Holbrook, Bonnet and Dexter

8  are liable for the second claim.  (Id. at 2-3.)  Defendants Scribner and Dexter are Wardens of

9  Calipatria Prison and Ironwood Prison, respectively.  (See id.) Additionally, Plaintiff alleges

10 Defendant Doe is liable for all claims in his capacity as Director of the California Department of

11 Corrections.  (Id. at 2.)

12       Defendants filed a Motion to Dismiss on November 6, 2008 for failure to state a claim as

13 to all named Defendants.  (Doc. No. 14.)  Plaintiff then filed a Motion to Amend Name on

14 Complaint seeking to substitute Matthew Cate[3] as Defendant Doe.  (Doc. No. 17.)  On

15 November 25, 2008, Defendants filed a second Motion to Dismiss for failure to state a claim

16 against Defendant Doe or, in the alternative, Matthew Cate.  (Doc. No. 23.)  Plaintiff responded

17 in opposition to the Motions on December 10, 2008 and December 29, 2008.  (Doc. Nos. 27, 29.)

18 By Order dated November 17, 2008, the pending Motions were referred to the undersigned for

19 recommendation. (Doc. No. 20.)

20 //

21 //

22 //

23 //

24 //

25 _____

26      2.  The process of screening out an appeal entails refusing to give the appeal a log number

27 and declining to pursue or investigate the claim further.

28      3.  Matthew Cate is the current Director of the California Department of Corrections and
   Rehabilitation.

08 CV 1049 H (PCL)

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.

### STANDARD OF REVIEW–RULE 12(b)(6)

A trial court may dismiss a claim upon motion of the Defendants pursuant to Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted." See Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981). A complaint should not be dismissed under the rule "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc., 583 F.2d 426, 429-30 (9th Cir. 1978). The court must accept all factual allegations pled in the complaint as true, and must draw all reasonable inferences in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir. 1995) (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Moreover, the court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" Nat'l Org. For Women v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

If a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987) (citing Amfac Mortgage Corp., 583 F.2d at 429). These documents are part of the complaint and may be considered in determining whether Plaintiff can prove any set of facts in support of the claim. Id. Additionally, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

However, in spite of the deference the Court is bound to pay to Plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, a court is not required to credit conclusory legal allegations cast in the form of factual allegations, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

08 CV 1049 H (PCL)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# IV.

## DISCUSSION

**A.**    **Motion to Dismiss Claims Against Named Defendants**

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege or immunity protected by the Constitution or laws of the United States. See 42 U.S.C. § 1983 (LEXIS 2008); Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 328 (1986)); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

A person deprives another of a constitutional right "where that person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quotations omitted). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1991)).

Plaintiff's Complaint sets forth two claims: deliberate indifference to his medical needs during a medical emergency on June 26, 2007 by Defendants LVN Sowtell, NP Thomas, Dr. Levin and L. E. Scribner; and deprivation of his right to due process in the processing of his inmate grievance forms by Defendants D. Holbrook, L. Bonnett, and D. Dexter.[4]   (Doc. No. 1 Compl. at 2-5.)  Defendants move for dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that plaintiff has failed to state a claim upon which relief can be granted against all named Defendants.  (Doc. No. 17.)

---

4.  The merits of Defendants' Motion to Dismiss Defendant Doe as the Director of the California Department of Corrections are discussed in a later section as part of Defendants' second Motion to Dismiss.

1

**1.      Eleventh Amendment**

2        Defendants first argue that the Complaint should be dismissed under Eleventh

3   Amendment principles to the extent Plaintiff pleads claims against them in their official

4   capacities. However, the bar on suits under § 1983 against state officials in their official

5   capacities applies only to those seeking money damages. See Will v. Michigan Dep't of State

6   Police, 491 U.S. 58, 71 (1989). The Eleventh Amendment does not proscribe actions for

7   injunctive relief against such defendants or  actions for damages against state officials acting in

8   their personal capacity. See Will, 491 U.S. at 71 n.10; Hafer v. Melo, 502 U.S. 21, 31 (1991). In

9   this action, Plaintiff seeks injunctive relief as well as compensatory and punitive damages.[5/]

10   (Doc. No. 1 Compl. at 8).  Upon review of the merits of Plaintiff's claims, Plaintiff may possibly

11   be entitled to injunctive relief.  Accordingly, the Court recommends Defendants' Motion to

12   Dismiss be GRANTED as to any claims for monetary damages against Defendants acting in

13   their official capacities.

14

**2.      Deliberate Indifference to Serious Medical Needs**

15        The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton

16   infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428

17   U.S. 153, 173 (1976)). Prison officials violate a prisoner's Eighth Amendment right to be free

18   from cruel and unusual punishment if they are deliberately indifferent to the prisoner's serious

19   medical needs.  Estelle, 429 U.S. at 106; Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

20   1989).  The test for deliberate indifference consists of two parts. McGuckin v. Smith, 974 F.2d

21   1050, 1059 (9th Cir. 1992) (overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d

22   1133 (9th Cir. 1997)). First, there must be a serious medical need which could lead to further

23   injury or "unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th

24   Cir. 2006).  A serious medical need is "an injury that a reasonable doctor or patient would find

25   _____

26        5.  Plaintiff's Complaint does not indicate whether Defendants are sued in their official or
individual capacity. With the exception of Defendants Doe and Scribner, neither box on pages two

27   or three of the Complaint is checked as to the other Defendants.  (See Doc. No. 1 Compl. at 2-3.)
However, because the Court liberally construes Plaintiff's claims, it is assumed Plaintiff intended

28   to sue Defendants in both their individual and official capacities.

1   important and worthy of comment or treatment." McGuckin, 974 F.2d at 1059.  Second, the

2   plaintiff must show that prison officials responded to the plaintiff's serious medical need with

3   "deliberate indifference." Jett, 439 F.3d at 1096. Prison officials demonstrate deliberate

4   indifference when they are aware of a prisoner's condition but "deny, delay, or intentionally

5   interfere with medical treatment." Id. (internal citations omitted).  In sum, a prison official is

6   deliberately indifferent only if he knows that a prisoner faces a substantial risk of serious harm

7   and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511

8   U.S. 825, 837 (1994).

9        Further, the prisoner must allege harm caused by the deliberate indifference. A mere

10  delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay or

11  denial was harmful. See McGuckin, 974 F.2d at 1060. The Eighth Amendment is violated if

12  "delays occurred to patients with problems so severe that delays would cause significant harm

13  and that Defendants should have known this to be the case." Hallett v. Morgan, 287 F.3d 1193,

14  1206 (9th Cir. 2002)..  To establish a claim of deliberate indifference arising from delay,  a

15  plaintiff must show that the delay caused further harm. Wood v. Housewright, 900 F.2d 1332,

16  1335 (9th Cir. 1990). "Harm" may include significant pain that otherwise need not have been

17  endured, even without physiological damage. See Shapley v. Nevada Bd. of State Prison

18  Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

19              a.    *LVN Sowtell*

20       Plaintiff's complaint specifically alleges he suffered a massive and serious medical

21  emergency" on June 26, 2007.  (Doc. No. 1 Compl. at 9.)  At the onset of the injury, Plaintiff

22  began "coughing up blood clots and bleeding profusely from the nose, mouth and eyes.  (Id. at

23  13-14.)  Once Plaintiff was taken to the prison medical unit, Plaintiff states LVN Sowtell was

24  the "intensive care LVN handling this hemorrhage."  (Id. at 14.)  Plaintiff contends that

25  although "it was clear to LVN R. Sowtell that Plaintiff was severely suffering and LVN Sowtell

26  could not offer or help provide necessary treatment to stop the hemorrhage," she did not take

27  appropriate steps to seek adequate medical care for Plaintiff such as sending him to a hospital for

28  emergency procedures.  (Id.)

08 CV 1049 H (PCL)

1    To survive a Motion to Dismiss, Plaintiff must allege both serious medical need and

2    deliberate indifference.  Jett, 439 F.3d at 1096 (internal citations and quotations marks omitted).

3    Clearly, Plaintiff alleges serious medical need; therefore, the Court's analysis turns to the

4    deliberate indifference prong.  This prong is satisfied by showing that prison officials were

5    aware of the prisoner's condition but denied, delayed, or intentionally interfered with medical

6    treatment."  (Id.)

7    Plaintiff alleges facts satisfying both prongs of the test.  First, Plaintiff alleges he was

8    taken to the prison medical ward at Calipatria prison on the evening of June 26, 2007 and had

9    direct contact with LVN Sowtell there.  As such, LVN Sowtell inevitably would have seen

10   Plaintiff bleeding during the 12 hours he alleges he was hemorrhaging.   Plaintiff also alleges

11   LVN Sowtell knew of his condition because she called NP Thomas regarding the situation and

12   recorded her observations on standard medical progress forms.  (Doc. No. 1 Compl. at 86-89.)

13   Notwithstanding this knowledge, she failed to summon further medical attention or offer pain

14   relief.  Plaintiff also satisfied the second prong by alleging this indifference delayed medical

15   care, exacerbated his injury and caused him to suffer "blood disorders that may have been

16   caused from the massive hemorrhage."  (Id. at 12.)  Accordingly, the Court recommends the

17   Motion to Dismiss be DENIED as to Defendant LVN Sowtell.

18                    b.      *NP Thomas*

19   Plaintiff also contends that NP Thomas denied him adequate medical care prior to

20   sending him to a hospital on June 27, 2007.  (Id. at 14-15.)  Plaintiff's allegations with respect to

21   NP Thomas, while not particularly well-pled, are adequate to survive a motion to dismiss with

22   respect to contributing to the delay of adequate medical care.  Plaintiff sufficiently alleges NP

23   Thomas was deliberately indifferent.  Deliberate indifference requires "(a) a purposeful act or

24   failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

25   indifference."  Jett, 439 F.3d at 1096.  Plaintiff alleges NP Thomas knew of his injury by virtue

26   of being contacted by LVN Sowtell regarding the situation and failed to respond to Plaintiff's

27   emergency by telling LVN Sowtell over the phone to "hold" Plaintiff at the prison.  (Doc. No. 1

28   Compl. at 15.)  Allegedly, NP Thomas could have allowed LVN Sowtell to send Plaintiff to a

08 CV 1049 H (PCL)

1    hospital for more appropriate medical care but affirmatively failed to do so.  Further, Plaintiff

2    alleges NP Thomas' actions caused harm including "medical complications" and blood disorders

3    which developed following the medical emergency.  (Id. at 13.)   Therefore, the Court

4    recommends the Motion to Dismiss be DENIED as to Defendant NP Thomas.

5                        c.     *Dr. Levin*

6          Plaintiff argues Dr. Levin is "legally responsible for all overall medical operations at

7    Calipatria State Prison also for all inmates[sic] welfare under medical care at Calipatria State

8    Prison."  (Id. 2.)  However, Plaintiff fails to state a claim against Dr. Levin in his complaint

9    because he has failed to allege personal involvement in his constitutional deprivation claim.  See

10   Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).  There is no respondeat superior liability

11   under 42 U.S.C. § 1983.  Palmer v. Sanderson, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  As a

12   supervisor, a Defendant may only be held liable for the allegedly unconstitutional violations of

13   his subordinates if Plaintiff alleges specific facts which show: (1) how or to what extent this

14   supervisor personally participated in or directed Defendants' actions, and (2) in either acting or

15   failing to act, the supervisor was an actual and proximate cause of the deprivation of his

16   constitutional rights.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17         In the instant case, Plaintiff does not allege any facts which constitute personal acts

18   committed by Dr. Levin.  Absent any such allegations, the Court recommends the Motion to

19   Dismiss be GRANTED, without prejudice, as to Defendant Levin.  However, because Plaintiff

20   could possibly cure the defects of pleading identified in this Recommendation as to Dr. Levin, it

21   is also recommended he be granted an opportunity to amend.[6]  Lopez v. Smith, 203 F.3d 1122,

22   1127 (9th Cir. 2000) (leave to amend is generally appropriate unless the court has determined

23   "that the pleading could not possibly be cured by the allegation of other facts.").

24   _____

25         6.  A court may dismiss a complaint without granting leave to amend only if it appears with
     certainty that the plaintiff cannot state a claim and any amendment would be futile. See Fed. R. Civ.
26   P. 15(a) (leave to amend "shall be freely given when justice so requires"); DeSoto v. Yellow Freight
     Systems, Inc., 957 F.2d 655, 658 (9th Cir.1992); Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir.
27   1988); Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)
     ("leave to amend should be granted unless the court determines that the allegation of other facts
28   consistent with the challenged pleading could not possibly cure the deficiency.").

08 CV 1049 H (PCL)

1

        d.    *Warden Scribner*

2       Plaintiff seeks to hold Warden L. E. Scribner liable in his supervisory capacity for

3  Plaintiff's claims that he was injured and denied adequate medical care at Calipatria State Prison.

4  (Doc. No. 1 Compl. at 2.)  However, there is no respondeat superior liability under 42 U.S.C. §

5  1983.  Palmer, 9 F.3d at 1437-38.  Instead, "[t]he inquiry into causation must be individualized

6  and focus on the duties and responsibilities of each individual defendant whose acts or omissions

7  are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th

8  Cir. 1988) (citing Rizzo v. Goode, 423, U.S. 362, 370-71 (1976)).

9       As currently pled, however, Plaintiff's Complaint in no way sets forth facts which might

10  be liberally construed to support an individualized constitutional claim against the warden of

11  Calipatria Prison.  Therefore, the Court recommends the Motion to Dismiss be GRANTED as to

12  Defendant Scribner.

13      **3.    Due Process Violation**

14      Defendants argue Plaintiff has failed to state a claim against D. Holbrook, L. Bonnett and

15  Warden Dexter in the context of the prison grievance procedure at Ironwood State Prison.  (See

16  Doc. No. 23.)  To the extent Plaintiff intends to state due process claims against Holbrook and

17  Bonnett[7] for denying his appeals, Defendants are correct.   Prisoners do not have a "separate

18  constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d

19  850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

20  Specifically, a failure to process a grievance does not state a constitutional violation.  Buckley v.

21  Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  Even the non-existence of, or the failure of prison

22  officials to properly implement, an administrative appeals process within the prison system does

23

24

---

25      7.  Plaintiff's claim against Warden Dexter rests solely on her role as warden of Ironwood
State Prison.  (Doc. No. 1 Compl. at 2.)  As with Warden Scribner, Plaintiff's Complaint in no way
26  sets forth facts which might be liberally construed to support an individualized constitutional
deprivation claim against Warden Dexter.  The law does not support respondeat superior liability
27  under 42 U.S.C. § 1983.  Palmer v. Sanderson, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Therefore,
even if Plaintiff could make a viable claim against Defendants Holbrook and Bonnett, the Court
28  recommends any claim against Warden Dexter be dismissed pursuant to Rule 12(b)(6).

1   not raise constitutional concerns.[8] Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also

2   Buckley, 997 F.2d at 495.  State regulations give rise to a liberty interest protected by the Due

3   Process Clause of the federal constitution only if those regulations pertain to "freedom from

4   restraint which ... imposes atypical and significant hardship on the inmate in relation to the

5   ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300,

6   132 L. Ed. 2d 418 (1995).

7          Plaintiff has failed to allege any facts from which the Court could find there were atypical

8   and significant hardships imposed upon him as a result of improper handling of internal

9   grievance procedures.  As there is no cause of action for the failure to adjudicate an inmate's

10   grievances, the Court finds that Plaintiff has failed to allege a protected liberty interest and as a

11   result, failed to state a due process claim.[9]  See May v. Baldwin, 109 F.3d 557, 565 (9th Cir.

12   1997); Sandin, 515 U.S. at 486.  Therefore, the Court recommends Defendants' Motion to

13   Dismiss claims against Defendants Holbrook, Bonnett and Dexter be GRANTED.

14   **B.     Motion to Dismiss Claims Against Defendant Doe**

15          Plaintiff alleges Defendant Doe is liable for Plaintiff's injuries by virtue of his position as

16   the Director of the California Department of Corrections (CDC).  Essentially, Plaintiff is suing

17   Defendant Doe in his supervisory capacity as the party responsible for the "overall operation of

18   Department and each institution under its jurisdiction."  (Doc. No. 1 Compl. at 2.)  However, the

19   Director of the CDC cannot be held liable under a respondeat superior theory under 42 U.S.C. §

20   1983.  See Palmer, 9 F.3d at 1437-38.  To avoid the respondeat superior bar, the plaintiff must

21   allege personal acts by the defendants which have a direct causal connection to the constitutional

22   violation at issue.  See Sanders v. Kennedy, 794 F.2d 478, 483 (9th Cir. 1986); Paine v. City of

23

24          8. See also Azeez v. De Robertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance
procedure is a procedural right only, it does not confer any substantive right upon the inmates.
25   Hence, it does not give rise to a protected liberty interest requiring the procedural protections
envisioned by the fourteenth amendment.")

26

27          9. The fact that there is no effective grievance system for inmates at Ironwood State Prison
may be sufficient to defeat a motion to dismiss the complaint if the issue were Plaintiff's failure to
28   exhaust administrative remedies.  See 42 U.S.C. § 1997e(a), However, in the context of Plaintiff's
allegations, it does not give rise to an independent cause of action.

08 CV 1049 H (PCL)

1    Lompoc, 265 F.3d 975, 984 (9th Cir. 2001) (whether or not each defendant "is a participant in

2    the incidents that could give rise to liability" is a necessary element of the § 1983 claim).   Since

3    no direct participation is alleged by Defendant Doe, the Court recommends the Motion to

4    Dismiss be GRANTED as to Defendant Doe.

5    **C.      Motion to Amend Name on Complaint**

6           As discussed in the preceding section, Plaintiff can make no claim against Defendant Doe

7    (or Mathew Cate) solely for his role as Director of the CDC.   Under that premise, it appears

8    granting Plaintiff leave to amend his complaint solely to substitute Matthew Cate for John Doe

9    would be futile if his complaint fails to state an individualized claim of liability against the

10   Director anyway.   See Palmer, 9 F.3d at 1437-38 (there is no respondeat superior liability under

11   42 U.S.C. § 1983).

12          Therefore, the Court recommends Plaintiff's Motion to Amend Name on Complaint be

13   DENIED.   Vasquez v. Los Angeles County, 487 F.3d 1246, 1258 (9th Cir. 2007) (citing Schmier

14   v. U.S. Court of Appeals, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of

15   amendment" as a proper basis for dismissal without leave to amend)); see also Cahill v. Liberty

16   Mutual Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) (where amendment of litigant's complaint

17   would be futile, denial of leave to amend is appropriate).

18                                             **V.**

19                                        **CONCLUSION**

20          The Court submits this Report and Recommendation to United States District Judge

21   Marilyn L. Huff under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c)(1)(c) of the United

22   States District Court for the Southern District of California. For the reasons outlined above, **IT**

23   **IS HEREBY RECOMMENDED** that the Court issue an Order:  (1) approving and adopting

24   this Report and Recommendation, and (2) directing that Judgment be entered:

25          **DENYING** Defendants' Motion to Dismiss as to Defendants Sowtell and Thomas;

26          **GRANTING** Defendants' Motion to Dismiss as to Defendants Levin, Scribner, Dexter,

27   Holbrook and Bonnet;

28          **GRANTING** Defendants' Motion to Dismiss as to Defendant DOE; and

08 CV 1049 H (PCL)

**DENYING** Plaintiff's Motion to Amend Name on Complaint.

**IT IS ORDERED** that no later than **March 4, 2009** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 18, 2009**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  <u>See</u> <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATE: <u>February 11, 2009</u>

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc:     The Honorable Marilyn L. Huff
        All Parties and Counsel of Record