# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LIONEL SANFORD,<br><br>                    Plaintiff,<br>vs.<br><br>MATTHEW CATE, DIRECTOR OF DEPARTMENT OF CORRECTIONS; LL.E. SCRIBNER, Warden of Calipatria State Prison; DR. LEVIN, Chief Medical Officer (CSP); S. THOMAS, Nurse Practitioner (CSP; R. SOWTELL, LVN (CSP); L. BONNETT, Inmate Appeal Coordinator (Ironwood State Prison); D. HOLBROOK, Appeal Coordinator (ISP),<br><br>                    Defendants. | CASE NO. 08cv1049-H (PCL)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION TO AMEND; SCHEDULING ORDER ON RESPONSE TO AMENDED COMPLAINT** |

On June 9, 2008, Robert Lionel Sanford ("Plaintiff"), a California prisoner proceeding *pro se* and *in forma pauperis*, filed an action against Defendants pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) On November 6, 2008, Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), alleging that Plaintiff failed to state a claim against Defendants upon which relief can be granted because Plaintiff did not allege facts that state a claim under 42 U.S.C. § 1983. (Doc. No. 14 at 2.)

On October 22, 2008, Plaintiff moved this Court to amend his complaint under Fed. R. Civ. P. 15 to change Defendant Doe's name to Matthew Cate, Secretary of the California

1 Department of Corrections and Rehabilitation. (Doc. No. 17.) On December 1, 2008, Plaintiff
2 filed an Opposition to Defendants' Motion to Dismiss. (Doc. No. 29.) Defendants filed their
3 Reply to Plaintiff's Opposition on January 9, 2009. (Doc. No. 32.)

4     The Magistrate Judge issued a Report and Recommendation on February 11, 2009
5 recommending that this Court grant in part and deny in party Defendants' Motion to Dismiss,
6 deny Plaintiff's Motion to Amend the name of Defendant Doe on his complaint, and allow
7 Plaintiff to amend his complaint to allege further facts regarding Defendant Dr. Levin. (Doc.
8 No. 33.) Plaintiff filed his Objection to the Report and Recommendation on March 1, 2009.
9 (Doc. No. 35.) Defendants filed a Reply to Plaintiff's Objection on March 11, 2009. (Doc. No.
10 39.) Plaintiff also filed a Motion to Amend his complaint against Defendant Dr. Levin pursuant
11 to Fed. R. Civ. P. 15 on February 24, 2009. (Doc. No. 37.)

12     For the reasons below, the Court ADOPTS in part the Magistrate Judge's Report and
13 Recommendation, DENIES in part and GRANTS in part Defendants' Motion to Dismiss, and
14 GRANTS Plaintiff's Motion to Amend as to Defendants Doe and Levin.

15 **<u>Background</u>**

16 **A.    Civil Rights Allegations.**

17     Plaintiff alleges that On June 18, 2007, Plaintiff underwent a tonsillectomy and elective
18 surgery at Alvarado Hospital in San Diego, California. (Doc. No. 1 at 43.) Plaintiff began
19 hemorrhaging during recovery on June 26, 2007 because the surgery site had ruptured. (Doc.
20 No. 1 at 28, 38.) Hospital staff responded about 45 minutes after being notified. (Doc. No. 1
21 at 28, 38.) Plaintiff was taken to the hospital medical ward where he was initially treated by
22 Licensed Vocational Nurse ("LVN") Sowtell. (Doc. No. 1 at 14, 29.) Plaintiff alleges that
23 LVN Sowtell knew she was not capable of treating Plaintiff's hemorrhage, and that even though
24 LVN Sowtell was authorized to call for transportation to have Plaintiff removed to an outside
25 hospital for additional treatment, LVN Sowtell refused to call for transportation for some
26 unknown reason. (Doc. No. 1 at 14.) Plaintiff further contends that Nurse Practitioner ("NP")
27 Thomas told LVN Sowtell over the phone to hold Plaintiff in the hospital medical ward for
28 some unknown reason. (Doc. No. 1 at 15.) Plaintiff allegedly spent all night in the hospital

1 medical ward where he bled heavily. (Doc. No. 1 at 14.)  When NP Thomas arrived the
2 following morning, Thomas ordered that Plaintiff be transferred to Pioneer's Memorial Hospital
3 in Brawley, California, where Plaintiff was admitted to the emergency department for medical
4 treatment.  (Doc. No. 1 at 14-15.)  Plaintiff also alleges that after he was transferred to
5 Ironwood State Prison on July 11, 2007, he filed several CDC 602 Inmate Appeal forms about
6 the incident in February 2008, which were not timely processed. (Doc. No. 1 at 23, 30.)

## Discussion

**A.     Standard of Review: Fed. R. Civ. P. 12(b)(6).**

Defendants move to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. No. 14.)  Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a short and plain statement of the claim that demonstrates that the pleader is entitled to some relief.  The United States Supreme Court observed in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), that detailed factual allegations are not required under Rule 8, but the pleader cannot merely state "the-defendant-unlawfully-harmed-me" accusations.  550 U.S. at 555.  Similarly, pleadings that simply state labels, legal conclusions, or formulaic recitations of the elements of a cause of action are insufficient and cannot withstand a Rule 12(b)(6) motion to dismiss, Twombly, 550 U.S. at 557, and the court does not have to accept as true any legal conclusions within a complaint, although conclusions can help frame a complaint.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

When evaluating a motion to dismiss, allegations of material fact are accepted as true and viewed in a light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Courts presume that a complaint's general allegations include the specific facts necessary to support the allegations.  Nat'l. Org. For Women v. Scheidler, 510 U.S. 249, 256 (1994).  Courts are not bound solely to the allegations in the complaint, but may consider additional documentation included with the complaint to determine whether plaintiff can prove a set of facts in support of his allegations.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  Moreover, a court is not required to credit legal conclusionscast in the form of factual allegations, unwarranted deductions of fact, or

1  unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).
2  To withstand a motion to dismiss, the complaint must contain sufficient factual matter,
3  if accepted as true, that states a claim to relief that is plausible on its face. Iqbal, 129 S. Ct. at
4  1949. A complaint is facially plausible if the court, examining the factual content of the
5  allegations, draws the reasonable inference that the defendant is liable for the conduct alleged.
6  Id. Mere possibility that the defendant is liable is insufficient; the pleaded facts must
7  demonstrate that, if true, defendant's liability is plausible. Id. A court should dismiss a
8  complaint if it is clear that no relief could be granted under any set of facts that could be proved
9  consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). While
10 courts generally treat *pro se* pleadings under a less stringent standard than pleadings drafted by
11 attorneys, Haines v. Kerner, 404 U.S. 519, 520 (1972), courts should not assume that a plaintiff
12 can prove facts which the plaintiff has not alleged. Assoc. Gen. Contractors of Cal., Inc. V. Cal.
13 State Council of Carpenters, 459 U.S. 519, 526 (1983).

**B.     Motion to Dismiss Named Defendants in Medical Treatment Claim.**

15 Under 42 U.S.C. § 1983, a plaintiff needs to prove (1) that a person acting under color
16 of state law committed the conduct in question, and (2) that the conduct in question deprived
17 the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the
18 United States. A person deprives another of a constitutional right when that person commits
19 an affirmative act, or participates in another person's affirmative act, or omits performance of
20 an act with which that person is legally charged to do, that causes the alleged constitutional
21 deprivation. Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007). Causality can be
22 established through direct participation or through setting in motion a series of actions by others
23 which the actors knows or reasonably should know would cause others to inflict injury. Id.
24 Defendants initially contend that they are immune from suit under the Eleventh
25 Amendment to the Federal Constitution. (Doc. No. 14 at 2.) Suits against officials acting in
26 their official capacity are essentially suits against the state, and therefore monetary damages
27 sought against an official acting in his official capacity are barred by immunity. Will v.
28 Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however,

allows civil actions seeking injunctive relief against state officials and actions seeking monetary damages from an official in his personal capacity. Will, 491 U.S. at 71; Romano v. Bible, 169 F.3d 1182, 1186 (9th Cir. 1999). In Plaintiff's Motion to Amend the Complaint against Defendant Levin, Plaintiff explicitly notes that he intended to sue all defendants in their individual and official capacities. (Doc. No. 37 at 10.) As such, the Court construes Plaintiff's complaint as against Defendants in their personal and official capacities. Accordingly, the Court grants Defendants' Motion to Dismiss as to any claims for monetary damages against Defendants acting in their official capacities. Plaintiff is able to claim monetary damages against officials in their personal capacities, and is able to seek injunctive relief against persons in their official capacities, and therefore the Court must determine whether Plaintiff has sufficiently pled a cause of action to which he is entitled to relief.

The Eighth Amendment to the Federal Constitution prohibits cruel and unusual punishment of inmates, and deliberate interference with a prisoner's serious medical needs constitutes cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Plaintiff must show that there was a serious medical need which could lead to further injury or an unnecessary and wanton infliction of pain. See Jett v. Palmer, 439 F.3d 1091, 1096 (9th Cir. 2006). A "serious medical need" is an injury that a reasonable patient or physician would find important enough for treatment. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 2002), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

In addition to a serious medical need, Plaintiff must show that prison officials responded to the serious medical need with deliberate indifference. See Jett, 439 F.3d at 1096. "Deliberate indifference" can come in the form of treatment that is delayed, interfered with, or denied, thus creating circumstances producing an excessive risk of serious harm to the prisoner. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096. To establish deliberate indifference, Plaintiff must be able to show that there was a purposeful act or omission to respond to a prisoner's pain or medical need, and that harm was caused by the indifference. Jett, 439 F. 3d at 1096. The prisoner must show that the alleged deprivation is, objectively, sufficiently serious, and that the prison official had a sufficiently culpable state of mind to inflict

unnecessary and wanton injury or pain. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Deliberate indifference is a higher standard, however, and cannot be based merely on negligent conduct by the defendant. Estelle, 429 U.S. at 104. Medical malpractice is similarly insufficient to establish an Eighth Amendment deprivation. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Differences of medical opinion between professionals does not constitute deliberate indifference. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Moreover, mere delay in medical treatment is insufficient for deliberate indifference; the delay must have caused further harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). Further harm can constitute significant pain that would have otherwise not been endured, even if there is no additional physiological damage. Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (*per curiam*).

### 1. Defendant Sowtell.

Plaintiff's complaint has sufficiently pled allegations that survive a motion to dismiss against Defendant Sowtell. With regard to Defendant Sowtell, Plaintiff alleges that he suffered from a serious medical emergency on June 26, 2007. (Doc. No. 1 at 9.) Plaintiff alleged that Sowtell was responsible for handling the care of the blood hemorrhaging from his mouth, nose, and eyes. (Doc. No. 1 at 13-14). Plaintiff further alleges that Sowtell did not take appropriate steps to seek adequate medical care for Plaintiff, despite that Sowtell knew Plaintiff was severely suffering and that Sowtell could not provide the medical care required. (Doc. No. 1 at 14.) Plaintiff has alleged a serious medical need, that Defendant Sowtell knew of the serious medical need because of her attempted care of Plaintiff, and that Defendant Sowtell, despite knowledge of the medical need, failed to take steps to respond adequately to the medical need. The Court concludes that Plaintiff has pleaded with sufficient particularity to survive a motion to dismiss against Defendant Sowtell, see Iqbal, 129 S. Ct. At 1949, and the Court therefore denies Defendants' Motion to Dismiss against Defendant Sowtell.

### 2. Defendant Thomas.

Plaintiff's complaint has also sufficiently pled allegations against Defendant Thomas. As the Jett court observed, "deliberate indifference" requires a purposeful act or omission to

respond to a medical need, and that indifference must have caused harm. 439 F.3d at 1096. As noted above, Plaintiff has shown a serious medical condition and subsequent harm that resulted, including nausea, irregular swelling of the throat, headaches, shortness of breath, anemic disorder, and a lingering taste of blood in Plaintiff's mouth. (Doc. No. 1 at 13.) Plaintiff further alleges that Thomas knew of Plaintiff's serious medical condition because Sowtell contacted Thomas when Plaintiff was in Sowtell's care. (Doc. No. 1 at 15.) Plaintiff contends that Thomas failed to respond to Plaintiff's medical condition by instructing Sowtell to hold Plaintiff at the prison, even though Thomas could have allowed Sowtell to send Plaintiff to a medical facility to receive appropriate medical care. (Doc. No. 1 at 15.) The Court concludes that Plaintiff has sufficiently pled factual allegations against Defendant Thomas.

### 3. Defendant Levin.

Plaintiff's original complaint does not allege sufficient factual allegations against Defendant Levin to survive a motion to dismiss. The original complaint alleges that Defendant Levin is responsible for medical operations at Calipatria State prison, and is therefore responsible for the medical care and welfare of the inmates. (Doc. No. 1 at 2.) Plaintiff's original complaint against Defendant Levin fails to state a claim, however, because Plaintiff alleges that Defendant Levin is liable in his capacity as supervisor. There is no *respondeat superior* liability under 42 U.S.C. § 1983. Palmer v. Sanderson, 9 F.3d 1433, 1438 (9th Cir. 1993). To avoid the *respondeat superior* bar, Plaintiff must allege personal involvement to show (a) how or to what extent the supervisor personally participated in or directed his subordinate's actions, and (b) in either acting or failing to act, how the supervisor was an actual and proximate cause of Plaintiff's deprivation of constitutional rights. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's original complaint did not allege any personal involvement in his medical care by Defendant Levin, or any personal involvement in the deprivation of Plaintiff's constitutional rights, other than asserting a theory of *respondeat superior*, and therefore Plaintiff states no claim to which he can receive relief.

The Magistrate Judge recommended to this Court that Plaintiff be given leave to amend his Complaint because Plaintiff might be able to allege facts that would cure current defects in

1 the Complaint. (Doc. No. 33 at 9.) The Court grants Plaintiff the opportunity to amend his
2 Complaint to cure defects that were present in the first Complaint with regards to Defendant
3 Levin. Plaintiff has filed a Motion to Amend the Complaint with regards to Defendant Levin.
4 (Doc. No. 37.) Therefore, the Court grants Plaintiff's Motion to Amend as to Defendant Levin.
5 Defendants are to respond to the sufficiency of the amended factual allegations against
6 Defendant Levin in Plaintiff's Amended Complaint within 20 days as indicated in the Court's
7 scheduling order.

### 4. Defendant Scribner.

9 Plaintiff has failed to sufficiently plead against Defendant Scribner. Plaintiff's sole
10 allegation is that Defendant Scribner is the Warden of Calipatria, and in that official capacity
11 Defendant Scribner is liable to Plaintiff because Scribner oversees the administration of the
12 prison. (Doc. No. 1 at 2.) As noted above, there is no *respondeat superior* liability under 42
13 U.S.C. § 1983. Palmer, 9 F.3d at 1438. Moreover, Plaintiff has not alleged any individual
14 involvement of Defendant Scribner in Plaintiff's alleged deprivation of constitutional rights,
15 and therefore Defendant Scribner is not liable in his official or individual capacity. See Leer
16 v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Accordingly, the Court grants Defendants'
17 Motion to Dismiss Defendant Scribner.

### C. Motion to Dismiss Unnamed Defendant Doe in Medical Treatment Claim.

19 Defendants also move to dismiss unnamed Defendant Doe for failure to state a claim.
20 (Doc. No. 14 at 4.) Plaintiff has filed a Motion to Amend his Complaint to name Matthew Cate,
21 the Director of the California Department of Corrections, as Defendant Doe. (Doc. No 17.)
22 The Court grants Plaintiff's Motion to Amend to name Defendant Doe as Matthew Cate.
23 Defendants are to respond to the sufficiency of the amended factual allegations against
24 Defendant Cate in Plaintiff's Amended Complaint within 20 days as indicated in the Court's
25 scheduling order.

26 The Court notes that there is no *respondeat superior* liability under 42 U.S.C. § 1983.
27 Palmer, 9 F.3d at 1438. However, because Defendants will be responding to the Amended
28 Complaint regarding Defendant Levin, Defendants may renew their arguments in a Motion to

Dismiss the Amended Complaint as to Defendant Matthew Cate.

**D.     Motion to Dismiss Named Defendants in Inmate Appeals Process Claim.**

Defendants also move to dismiss all named Defendants in the Inmate Appeals Process Claim. (Doc. No. 14 at 5.)

Plaintiff's complaint lists Defendant Dexter in her official capacity, alleging that Defendant Dexter is legally responsible for the operation of the Ironwood State Prison and is therefore responsible for any misconduct resulting at the prison. (Doc. No. 1 at 3.) There is no *respondeat superior* liability under 42 U.S.C. § 1983. Palmer, 9 F.3d at 1438. Moreover, Plaintiff has not alleged any individual involvement of Defendant Dexter in Plaintiff's allegations of an improper grievance procedure at Ironwood State Prison. Therefore Defendant Dexter is not liable in her official or individual capacity.  See Leer, 844 F.2d at 633. Accordingly, the Court grants Defendants' Motion to Dismiss Defendant Dexter.

The Court also dismisses the claims against Defendants Holbrook and Bonnett. Plaintiff contends that Defendants Holbrook and Bonnett did not properly process his Inmate Appeal Form 602 requests because the requests were screened-out, and thus deprived him of due process. (Doc. No. 1 at 5.) However, Plaintiff does not have a liberty interest at stake, and therefore Plaintiff does not have recourse in federal court. In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure." 855 F.2d at 640. This was reiterated in Ramirez v. Galarza, 334 F.3d 850 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure.  334 F.3d at 860. Plaintiff is not entitled, as a matter of federal law, to a grievance procedure.

Moreover, the United States Supreme Court has recognized that state regulations can give rise to a liberty interest protected under the Fourteenth Amendment to the Federal Constitution only if those regulations pertain to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 484 (1995).  However, Plaintiff has not alleged any facts that would show that there were atypical or significant hardships that resulted from improper handling of

1 grievance procedures.  Accordingly, the Court grants Defendants' Motion to Dismiss regarding
2 Defendants Holbrook and Bonnett.

### Conclusion

For the reasons stated above, the Court ADOPTS in part the Magistrate Judge's Report and Recommendation.

The Court GRANTS Defendants' Motion to Dismiss with regards to any monetary damages sought against Defendants in their official capacities.

The Court GRANTS Defendants' Motion to Dismiss Defendants Bonnett, Dexter, Doe, Holbrook, and Scribner.

The Court GRANTS Defendants' Motion to Dismiss Defendant Levin, subject to an amended pleading filed by Plaintiff.

The Court DENIES Defendants' Motion to Dismiss Defendants Sowtell and Thomas.

The Court GRANTS Plaintiff's Motion to Amend his Complaint to replace Defendant Doe with Matthew Cate, Director of the California Department of Corrections, and GRANTS Plaintiff's Motion to Amend his Complaint regarding further factual allegations against Defendant Levin.

The Court GRANTS Defendants 20 days to file a responsive pleading regarding the sufficiency of the factual allegations against Defendant Levin in Plaintiff's Amended Complaint and the sufficiency of allegations against Defendant Cate by July 13, 2009.  If Defendants file a Motion to Dismiss the Amended Complaint, the District Court will rule on the Motion to Dismiss.

IT IS SO ORDERED.

DATED: June 19, 2009

**MARILYN L. HUFF, District Judge**
**UNITED STATES DISTRICT COURT**

COPIES TO:
All parties of record.