1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT LIONEL SANFORD, | CASE NO. 08cv1049-H (PCL) |
|---|---|
| Plaintiff, vs. | **ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS** |
| MATTHEW CATE, DIRECTOR OF DEPARTMENT OF CORRECTIONS; LL.E. SCRIBNER, Warden of Calipatria State Prison; DR. LEVIN, Chief Medical Officer (CSP); S. THOMAS, Nurse Practitioner (CSP; R. SOWTELL, LVN (CSP); L. BONNETT, Inmate Appeal Coordinator (Ironwood State Prison); D. HOLBROOK, Appeal Coordinator (ISP), | |
| Defendants. | |

On June 9, 2008, Robert Lionel Sanford ("Plaintiff"), a California prisoner proceeding *pro se*, filed an action against Defendants pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) On November 6, 2008, Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), alleging that Plaintiff failed to state a claim against Defendants upon which relief can be granted because Plaintiff did not allege facts that state a claim under 42 U.S.C. § 1983. (Doc. No. 14 at 2.) This Court granted in part and denied in part the motion to dismiss, and further allowed Plaintiff to amend his complaint to allege further facts against Defendant Levin. (Doc. No. 45.)

The Court is presented with a renewed motion to dismiss Defendant Matthew Cate,

Director of the California Department of Corrections, and Defendant Levin, Chief Medical Officer at Calipatria State Prison.[1]

For the reasons below, the Court GRANTS Defendants' motion to dismiss Defendant Cate and DENIES Defendants' motion to dismiss Defendant Levin.

## Discussion

**A.    Standard of Review: Fed. R. Civ. P. 12(b)(6).**

Defendants move to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. No. 14.) Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a short and plain statement of the claim that demonstrates that the pleader is entitled to some relief. The United States Supreme Court observed in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), that detailed factual allegations are not required under Rule 8, but the pleader cannot merely state "the-defendant-unlawfully-harmed-me" accusations. 550 U.S. at 555. Similarly, pleadings that simply state labels, legal conclusions, or formulaic recitations of the elements of a cause of action are insufficient and cannot withstand a Rule 12(b)(6) motion to dismiss, Twombly, 550 U.S. at 557, and the court does not have to accept as true any legal conclusions within a complaint, although conclusions can help frame a complaint. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

When evaluating a motion to dismiss, allegations of material fact are accepted as true and viewed in a light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Courts presume that a complaint's general allegations include the specific facts necessary to support the allegations. Nat'l. Org. For Women v. Scheidler, 510 U.S. 249, 256 (1994). Courts are not bound solely to the allegations in the complaint, but may consider additional documentation included with the complaint to determine whether plaintiff can prove a set of facts in support of his allegations. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Moreover, a court is not required to credit legal conclusions cast in the form of factual allegations, unwarranted deductions of fact, or

---

[1] In its previous order, the Court addressed motions to dismiss against all other named Defendants. (Doc. No. 45.) The present motion to dismiss pertains only to Defendants Cate and Levin.

unreasonable inferences. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

To withstand a motion to dismiss, the complaint must contain sufficient factual matter, if accepted as true, that states a claim to relief that is plausible on its face. <u>Iqbal</u>, 129 S. Ct. at 1949. A complaint is facially plausible if the court, examining the factual content of the allegations, draws the reasonable inference that the defendant is liable for the conduct alleged. <u>Id.</u> Mere possibility that the defendant is liable is insufficient; the pleaded facts must demonstrate that, if true, defendant's liability is plausible. <u>Id.</u> A court should dismiss a complaint if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). While courts generally treat *pro se* pleadings under a less stringent standard than pleadings drafted by attorneys, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), courts should not assume that a plaintiff can prove facts which the plaintiff has not alleged. <u>Assoc. Gen. Contractors of Cal., Inc. V. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

**B.     Defendant Cate.**

Plaintiff's Amended Complaint does not allege sufficient factual allegations against Defendant Cate to survive a motion to dismiss. The Amended Complaint alleges that Defendant Cate, as Director of the California Department of Corrections, should have developed policies and procedures to avoid the alleged misconduct that Plaintiff suffered. (Doc. No. 1 at 2.) Plaintiff's original complaint against Defendant Cate fails to state a claim, however, because Plaintiff alleges that Defendant Cate is liable in his capacity as supervisor of the Department of Corrections. There is no *respondeat superior* liability under 42 U.S.C. § 1983. <u>Palmer v. Sanderson</u>, 9 F.3d 1433, 1438 (9th Cir. 1993). To avoid the *respondeat superior* bar, Plaintiff must allege personal involvement to show (a) how or to what extent the supervisor personally participated in or directed his subordinate's actions, and (b) in either acting or failing to act, how the supervisor was an actual and proximate cause of Plaintiff's deprivation of constitutional rights. <u>See</u> <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's original complaint did not allege any personal involvement by Defendant Cate, or any personal involvement in the deprivation of Plaintiff's constitutional rights, other than asserting a theory

1 of *respondeat superior*, and therefore Plaintiff states no claim to which he can receive relief.

2       Accordingly, the Court grants Defendants' Motion to Dismiss Defendant Cate.

3 **C.     Defendant Levin.**

4       Plaintiff's Amended Complaint alleges that Defendant Levin violated Plaintiff's rights
5 under the Eighth Amendment by failing to provide adequate medical care. (Doc. No. 43 at 2.)
6 Plaintiff alleges that Defendant Levin did not receive instructions to remove Plaintiff's surgical
7 packing. (Doc. No. 43 at 2-3.) The Court notes, however, that Plaintiff's surgeon did instruct
8 Defendant Levin to remove the surgical packing in a progress note. (Doc. No. 43, Ex. AA.)
9 Plaintiff also alleges that Defendant Levin is not qualified as an Ear-Nose-Throat physician, and
10 therefore Defendant Levin was not qualified to remove the packing or to properly recognize
11 improper healing or scarring. (Doc. No. 43 at 3.) Plaintiff indicates that he was taken to
12 Defendant Levin after complaining of pain, and that Defendant Levin recognized some spot
13 bleeding (Doc. No. 43 at 4), but Defendant Levin did not provide additional medical treatment,
14 including any medication or recommendation, stating instead that pain and spot bleeding were
15 normal for the healing process. (Doc. No. 43 at 5.) Several hours after seeing Defendant Levin,
16 Plaintiff's surgical site ruptured and caused profuse bleeding. (Doc. No. 43 at 6.) Plaintiff
17 alleges that because Defendant Levin was directly involved with his medical care, failure on
18 Defendant Levin's part to treat Plaintiff's symptoms of pain and spot bleeding amounted to
19 deliberate indifference towards his medical needs. (Doc. No. 43 at 6.)

20       Under 42 U.S.C. § 1983, a plaintiff needs to prove (1) that a person acting under color
21 of state law committed the conduct in question, and (2) that the conduct in question deprived
22 the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the
23 United States. A person deprives another of a constitutional right when that person commits
24 an affirmative act, or participates in another person's affirmative act, or omits performance of
25 an act with which that person is legally charged to do, that causes the alleged constitutional
26 deprivation. Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007). Causality can be
27 established through direct participation or through setting in motion a series of actions by others
28 which the actors knows or reasonably should know would cause others to inflict injury. Id.

1    The Eighth Amendment to the Federal Constitution prohibits cruel and unusual 2 punishment of inmates, and deliberate interference with a prisoner's serious medical needs 3 constitutes cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Plaintiff 4 must show that there was a serious medical need which could lead to further injury or an 5 unnecessary and wanton infliction of pain. See Jett v. Palmer, 439 F.3d 1091, 1096 (9th Cir. 6 2006). A "serious medical need" is an injury that a reasonable patient or physician would find 7 important enough for treatment. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 2002), 8 overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

9    In addition to a serious medical need, Plaintiff must show that prison officials responded 10 to the serious medical need with deliberate indifference. See Jett, 439 F.3d at 1096. 11 "Deliberate indifference" can come in the form of treatment that is delayed, interfered with, or 12 denied, thus creating circumstances producing an excessive risk of serious harm to the prisoner. 13 Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096. To establish deliberate indifference, 14 Plaintiff must be able to show that there was a purposeful act or omission to respond to a 15 prisoner's pain or medical need, and that harm was caused by the indifference. Jett, 439 F. 3d 16 at 1096. The prisoner must show that the alleged deprivation is, objectively, sufficiently 17 serious, and that the prison official had a sufficiently culpable state of mind to inflict 18 unnecessary and wanton injury or pain. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

19    Deliberate indifference is a higher standard, however, and cannot be based merely on 20 negligent conduct by the defendant. Estelle, 429 U.S. at 104. Medical malpractice is similarly 21 insufficient to establish an Eighth Amendment deprivation. Toguchi v. Chung, 391 F.3d 1051, 22 1060 (9th Cir. 2004). Differences of medical opinion between professionals does not constitute 23 deliberate indifference. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Moreover, 24 mere delay in medical treatment is insufficient for deliberate indifference; the delay must have 25 caused further harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). Further 26 harm can constitute significant pain that would have otherwise not been endured, even if there 27 is no additional physiological damage. Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 28 F.2d 404, 407 (9th Cir. 1985) (*per curiam*).

1     Plaintff has alleged sufficient facts to withstand the present motion to dismiss.  Plaintiff
2 must first show that his medical need was serious and could lead to further injury or an
3 unnecessary and wanton infliction of pain.  See Palmer, 439 F.3d at 1096.  A "serious medical
4 need" is an injury that a reasonable patient or physician would find important enough for
5 treatment.  McGuckin, 974 F.2d at 1059.  Plaintiff alleged that his surgical sites ruptured,
6 causing blood hemorrhaging from his mouth, nose, and eyes.  (Doc. No. 1 at 13-14).  Plaintiff
7 has shown a serious medical condition and subsequent harm that resulted, including nausea,
8 irregular swelling of the throat, headaches, shortness of breath, anemic disorder, and a lingering
9 taste of blood in Plaintiff's mouth.  (Doc. No. 1 at 13.)

10     Plaintiff must also show that the defendant responded to the serious medical need with
11 deliberate indifference.  See Jett, 439 F.3d at 1096.  Plaintiff has alleged deliberate indifference
12 because he alleges that Defendant Levin was directly involved with his medical care; knew of
13 the bleeding, pain, and suffering that Plaintiff underwent; and failed to provide medical care to
14 alleviate Plaintiff's symptoms.  (Doc. No. 43 at 4-5.)  A finding that a defendant's activities
15 resulted in substantial harm to the plaintiff is not necessary, but substantial harm can provide
16 additional support that the defendant was deliberately indifferent towards the inmate's medical
17 needs.  McGuckin, 974 F.2d at 1060.  Moreover, an isolated occurrence may not demonstrate
18 indifference, but such an occurrence could demonstrate indifference if the one occurrence was
19 egregious.  Ortiz v. City of Imperial, 884, F.2d 1312, 1313-14 (9th Cir. 1989).  Plaintiff has
20 sufficiently alleged that Defendant Levin's inactions constitute deliberate indifference by
21 refusing Plaintiff medical care, which ultimately resulted in ruptured surgical sites, profuse
22 bleeding, irregular swelling of the throat, and headaches.  (Doc. No. 1 at 13.)

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## Conclusion

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss Defendant Cate, and DENIES Defendants' Motion to Dismiss Defendant Levin.

All remaining parties to this case will file their Answer to the Amended Complaint by August 14, 2009.

IT IS SO ORDERED.

DATED: July 14, 2009

_____
**MARILYN L. HUFF, District Judge**
**UNITED STATES DISTRICT COURT**

COPIES TO:
All parties of record.